UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO CLAYTON,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. ED CV 10-1588-PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff appeals the decision of Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred in concluding that he could work despite his limitations. For the reasons set forth below, the Court finds that, even assuming that the ALJ erred in part, any error was harmless.

    The ALJ determined that Plaintiff had the residual functional capacity to perform light work with the following qualifications that are relevant to this appeal: (1) avoid concentrated exposure to hazards; (2) limited to simple work with up to three-step instructions in a relatively habituated setting; (3) no work around fast-moving

or hazardous machinery.  (Administrative Record ("AR") 12-13.)  The vocational expert testified that, with these limitations, and consistent with the Dictionary of Occupational Titles ("DOT"), Plaintiff could perform three jobs: marker (DOT No. 209.587-034), route aide (DOT No. 239.687-010), and information clerk (DOT No. 237-367-018).  (AR 66-67.)

Plaintiff complains that all three jobs require capabilities that he does not have or expose him to hazards that he must avoid.  (Joint Stip. at 3-6.)  He argues, for example, that the duties of a marker--which include "mark price tickets, attach the price tickets to merchandise, record number and types of articles marked and pack them in boxes, compare printed price tickets with entries on purchase order to verify accuracy, and notify supervisors of discrepancies"--clearly exceed his "limitation to simple work that involves one to three step instructions."  (Joint Stip. at 6.)  The Court simply does not agree.  The fact that there are numerous duties listed in the DOT for a particular job does not mean that an employee is necessarily required to do every task identified therein at one time.  Nor is there anything in the DOT that suggests that he would.  Further, the vocational expert testified that his testimony was consistent with the DOT.  (AR 67.)  And counsel for Plaintiff--a lawyer from the same firm that now represents Plaintiff in this court--did not challenge this testimony, ask about any potential inconsistencies between the testimony and the DOT, or inquire of the vocational expert as to the

basis of his opinion that Plaintiff could perform this job despite his limitations.[1] (AR 67.)

For these reasons, the Court concludes that the ALJ did not err when he found, consistent with the vocational expert's testimony, that Plaintiff could perform the job of marker despite the fact that he was limited to simple work, involving one- to three-step instructions.

The vocational expert testified that there were 2,900 marker jobs in the local economy and 494,000 jobs in the national economy. (AR 67.) These numbers are sufficient to support a finding of not disabled. *See Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (holding 1,300 jobs in the local economy and 622,000 jobs in the national economy support finding of not disabled).

Plaintiff's other arguments, though colorable, do not compel a different result. He complains, for example, that he is unable to perform the work of an information clerk because it requires Level 4 reasoning, which he believes is beyond his capabilities, i.e., simple work with up to three-step instructions. (Joint Stip. at 3-5.) Level 4 reasoning requires a worker to:

> Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization

---

[1] The Court notes that it is not unusual for social security lawyers to ask and receive in excess of $900 per hour for their work in these cases. Presumably, these lawyers are experts in social security law and appear at the administrative hearings to vigorously advocate for their clients. As such, counsel's argument 18 months after the administrative hearing that the vocational expert's testimony was inconsistent with the DOT rings somewhat hollow. Had counsel raised that issue at the time, the ALJ, the vocational expert, and counsel could have addressed the issue and resolved any real or perceived questions about the testimony.

3

|   |   |
|---|---|
| 1 | exists.  Interpret a variety of instructions furnished |
| 2 | in written, oral, diagrammatic, or schedule form. |
| 3 | Examples of rational systems are: bookkeeping, internal |
| 4 | combustion engines, electric wiring systems, house |
| 5 | building, farm management, and navigation. |

DOT 237.367-018.

Arguably, someone who is limited to simple work with up to three-step instructions could not perform Level 4 work.  Even were the Court to reach this conclusion, however, Plaintiff would still not be entitled to relief because this alleged error would not affect the ALJ's ultimate non-disability determination since, even without these jobs, Plaintiff would still be found to be not disabled. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (explaining harmless error rule in social security cases supports upholding ALJ's decision if error was inconsequential to ultimate nondisability determination).

Plaintiff also complains that the ALJ erred when he concluded that Plaintiff could work as a route aide because it required him to be exposed to dangerous machinery, i.e., conveyor belts, and Plaintiff was restricted from concentrated exposure to hazards and fast-moving machinery. (Joint Stip. at 5-6.)  Again, even were the Court to agree with Plaintiff, it would be of no import because the ALJ's finding that Plaintiff could perform the marker job is supported by the DOT and the record and there are a sufficient number of marker jobs in the local and national economy to support the ALJ's ultimate finding that Plaintiff was not disabled.

     For these reasons, the Court concludes that the Agency's decision that Plaintiff is not disabled is supported by substantial evidence and is not based on legal error. As such, it is affirmed.

     IT IS SO ORDERED.

     DATED: <u>October 28, 2011</u>

/s/ Patrick J. Walsh
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\CLAYTON, A 1588\memorandum opinion and order.wpd